UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )        No. 5:25-cr-87-REW-HAI
v.                             )
                               )        ORDER
ADRIAN KMARI LATTIMORE,        )
                               )
        Defendant.

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 86 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Adrian Kmari Lattimore's guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1). *See* DE 89 (Recommendation); *see also* DE 81 (Plea Agreement). Judge Stinnett expressly informed Lattimore of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 89 at 3. There was no objection to the plea colloquy or recommendation. Within the established fourteen-day objection deadline, however, Lattimore moved for continued release pending sentencing. *See* DE 99 (Motion). The Government filed a response in muted opposition. *See* DE 104 (Response). Lattimore did not reply. Judge Stinnett's recommendation and Lattimore's motion for continued release are now ripe for review.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right

to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made"). The plea recommendation stands unopposed and without objection.

But Lattimore moves for continued release pending sentencing. Judge Stinnett allowed Lattimore to remain on bond, subject to conditions of release, pending the Court's adoption of the guilty plea. *See* DE 86. This preserved his status post-arraignment. *See* DE 26. The terms of his release appear at DE 28. The parties agree that Lattimore has complied with the bond terms. *See* DE 99 at 7; DE 104 at 1. The Court reviews Lattimore's request *de novo*.

Lattimore pleaded guilty to conspiracy to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl and 100 grams or more of a mixture containing a substance containing carfentanil (a fentanyl analogue) in violation of 21 U.S.C. § 846. *See* DE 81 at ¶ 1. A defendant found guilty of a drug offense punishable by ten years or more of imprisonment is subject to mandatory detention pending sentencing. *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(C). However, the Court may still order the release of such a defendant "if it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate," and the defendant otherwise satisfies § 3143(a)(1). *See* 18 U.S.C. § 3145(c). Exceptional reasons are ones that are "out of the ordinary, uncommon, or rare." *United States v. Christman*, 712 F. Supp. 2d 651, 654 (E.D. Ky. 2010) (internal quotation marks omitted); *see also United States v. Clemons*, No. 6:25-CR-66-REW-HAI-1, 2026 WL 972930, at *7 (E.D. Ky. Apr.

10, 2026).[1]  A defendant only meets the § 3143(a)(1) conditions if "clear and convincing evidence" shows that he "is not likely to flee or pose a danger to the safety of any other person or the community if released."  18 U.S.C. § 3143(a)(1).  The defendant must then clearly show that there are exceptional reasons why detention would not be apt—the hill is a high one.

Lattimore concedes, at step one, that he is subject to mandatory detention pending sentencing under § 3143.  *See* DE 99 at 5.[2]  This means that the lone pathway for his continued release is to demonstrate "exceptional reasons" for continued bond under § 3145(c).  Lattimore states that his role as a caregiver for his four minor children and his need to maintain employment, along with bond compliance, constitute exceptional reasons justifying his continued release.  *See* DE 99 at 3-5.  The mother of Lattimore's children, Kijana Dawson, wrote a letter to the Court stating that continued release would give the family "the opportunity to prepare emotionally and financially, and allow him to continue supporting and spending meaningful time with [their] children before any separation occurs."  *See* DE 99-2 at 1.  Lattimore argues that these circumstances warrant, at the very least, "a short transition period to arrange finances, childcare, household responsibilities, and emotional preparation for four children before sentencing and any ordered surrender."  *See* DE 99 at 5.  Lattimore portrays the employment as of particular benefit to persons served (and to himself, in a "prosocial" way).  *See id.* at 4.  He further stresses the lengthy obedient bond term and the practical and emotional linkage between him and his four children.  *See id.* at 4-5, 7.  The Court accepts as genuine all of these characteristics.  Other defendants regularly paint a like, importunate picture.

---

[1] The § 3145(c) analysis is necessarily fact specific.  The non-binding treatment of other District Courts in the E.D. Ky. (like *Christman* and *United States v. Miller*, 568 F. Supp. 2d 764 (E.D. Ky. 2008)) is helpful, but the Court simply applies the taxing textual standard whenever a defendant seeks to pass through the narrow § 3145(c) gate.

[2] Nothing suggests that the § 3143(a)(2) excepting criteria apply.

Within the § 3145(c) framework, family and employment obligations, which recur across most cases, generally do not suffice as exceptional reasons. *See Miller*, 568 F. Supp. 2d at 774 ("[M]ere personal reasons, including caring for a family or gainful employment are not 'exceptional.'"); *United States v. Owen*, Criminal Action No. 3:20-cr-70-RGJ, 2024 WL 2338267, at *2 (W.D. Ky. May 22, 2024) (same); *United States v. Cater*, Criminal Action No. 3:18-cr-46-RGJ, 2023 WL 3168341, at *4 (W.D. Ky. Apr. 28, 2023) (same); *see also United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004) ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination."). Here, Lattimore elected to commit the conspiracy crime, thus exposing his family to hardship and privation and placing his employment in jeopardy. There are costs to crime, and disruption to the family unit and one's work status are, in the main, standard. Thus, the normal and expected void left by an incarcerated family member and breadwinner is not exceptional, though it may be harmful. The Court must and will hold Lattimore accountable. Also, the reasons cited for continued release are important but, in some sense, expiring; the Court cannot give a parent and provider immunity from detention when that parent commits serious crime. That result would be absurd and twisted. The Court accordingly finds that Lattimore has not established that exceptional reasons warrant his continued release through sentencing.

Notably, at this stage, the Court does not have the presentence investigation report, and the Government's specific posture in terms of the ultimate disposition is unknown. The plea agreement recognizes some nonbinding recommendations as to Lattimore's ultimate offense level. *See* DE 81 at ¶ 5. The plea agreement puts Lattimore's starting offense level at 34 and potentially ends at an offense level of 20 after reductions for mitigating role (3), minimal participant (4), zero-point offender (2), safety-valve (2), and acceptance of responsibility (3). Lattimore's criminal

history score is unknown, but given the reductions proposed, it is likely low. With a preliminary guideline calculation, charitably estimated, of 20/I, Lattimore would face a range of 33–41 months, surely foreclosing the rare exception in § 3143(a)(2)(A)(ii). The Court must stress the degree of indeterminacy in the prospective result. Indeed, the Court does not know Lattimore's criminal history category and has skeletal details about the nature and circumstances of the crime. The Government, in opposition, has *not* recommended a sentence without imprisonment, and considering the guideline range, incarceration seems the very probable outcome for a large-quantity, Class A fentanyl and carfentanil conspirator. That said, Lattimore has been fully compliant with his bond, clean, and employed. Further, the Government "does not object to a 'transitional runway' to allow Mr. Lattimore and his family to prepare for his absence." *See* DE 104 at 1. Thus, given the lack of objection from the Government and the fact that Lattimore has four minor children relying on him, the Court finds moderate short-term flexibility warranted. Lattimore, one notes, has already had a month of liberty since the rearraignment.

Lattimore must self-report in advance of sentencing. However, the Court will slightly delay the report date to allow Lattimore to arrange childcare, sort finances, and resolve conclusion of his employment. Considering his situation, minimal criminal history, and compliance with bond conditions, the Court is also satisfied, under the standard, that Lattimore does not pose a flight risk or a danger to others by remaining out on for this short interim period.

The Court has reviewed the full record and sees no contested issues that would warrant a hearing. Therefore, the Court **DENIES** DE 99 and **ORDERS** Lattimore to report to the USMS at the Lexington, Kentucky federal courthouse by **1:00 p.m.** on **May 29, 2026**. Until then, Lattimore **SHALL** remain on bond under the conditions of release as previously imposed.

The Court, having resolved Lattimore's motion and on full review of the record, **ORDERS** as follows:

1.  The Court **ADOPTS** DE 89, **ACCEPTS** Lattimore's guilty plea, and **ADJUDGES** Lattimore guilty of Count 1 of the Indictment.[3]

2.  The Court will issue a separate sentencing order.

This the 14th day of May, 2026.

**Signed By:**
**Robert E. Wier**
**United States District Judge**

---

[3] Although Lattimore conceded a nexus between the (generic) property and offense to which he pleaded guilty in his plea agreement, see DE 81, the Government has notified the Court that it no longer seeks forfeiture, *see* DE 105.